I respectfully dissent from the majority's decision to reverse the Deputy Commissioner in this case. Plaintiff has failed to carry her burden with respect to the medical evidence regarding causation of her conditions as well as with respect to the issue of increased risk.
Various physicians rendered various diagnoses and were unable to substantiate plaintiff's subjective complaints with any objective tests. On 9 December 1993, plaintiff noticed knots of an unknown origin developing in her right hand and wrist which she reported to her supervisor on 13 December 1993. That day, plaintiff was seen at the emergency room and underwent Tinel's and Phalen's tests which were normal. Thereafter, on 16 December 1993, Dr. Perez diagnosed plaintiff with wrist strain. Subsequently, Dr. Nagy saw plaintiff for a second opinion and diagnosed peripheral neuropathy of the right hand. Next, plaintiff was seen by Dr. Martin, a neurologist, whose examination revealed normal strength in the right hand, symmetric reflexes bilaterally, no swelling and a slight decrease in sensation over the right index finger. In addition, all nerve conduction studies were normal. Although Dr. Martin eventually diagnosed plaintiff's condition as mild carpal tunnel syndrome, his diagnosis was based on plaintiff's subjective complaints of pain and not on any objective medical evidence. Thereafter, plaintiff developed reflex sympathetic dystrophy.
Even when medical evidence exists which purports to support a causal relation between an injury and the employment, the Commission is not bound to find in accordance with that medical evidence and disregard competent, credible evidence to the contrary. Cross v. Blue Cross/Blue Shield, 104 N.C. App. 284,409 S.E.2d 103 (1991), citing Rutledge v. Tulex Corp., 308 N.C. 85,301 S.E.2d 359 (1983). Although Dr. Martin opined that plaintiff's condition was work-related and that plaintiff was exposed to an increased risk, his opinion can be given little weight, in that, it was based on an inaccurate understanding of the type of work performed by plaintiff. Furthermore, Dr. Martin's opinion that plaintiff's work with defendant-employer was a significant causative factor in the development of her carpal tunnel syndrome did not take into consideration that the cysts on plaintiff's hand may have been the significant causative factor, if not the only factor. Furthermore, even Dr. Martin opined that plaintiff's reflex sympathetic dystrophy was idiopathic in nature.
Since there is insufficient evidence of record that any casual relationship exists between plaintiff's development of knots on her right hand and wrist and her employment and, in fact, evidence exists to the contrary in that plaintiff developed cysts or knots on other parts of her body including her breasts, ovaries, arms, and face, there is insufficient medical evidence to prove by the greater weight that plaintiff's condition was causally related to her work with defendant-employer.
For the foregoing reasons, I respectfully dissent from the majority Opinion and Award in this case.
 S/ __________________________ DIANNE C. SELLERS COMMISSIONER